UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**SEDDERRUIS COLEMAN**                                             **CIVIL ACTION NO. 3:16-cv-445**
    **LA. DOC#611339[1]**

**VS.**                                                                     **SECTION P**

                                                                                           **JUDGE ROBERT G. JAMES**

**JERRY GOODWIN**                                         **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on April 1, 2016 by *pro se* petitioner Sedderruis Coleman. Coleman is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the David Wade Correctional Center, Homer, Louisiana, where he is serving a twenty-five year hard labor sentence imposed following his May 2013 conviction in the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits establish the following relevant facts:

1. On June 16, 2011, by Bill of Information, petitioner was charged with two counts of armed robbery. [Rec. Doc. 9-1, p. 7, Petitioner's Appellate Counsel's brief]

2. Following a hearing on his motion for a preliminary exam on June 27, 2012 and filing of

---

[1] In his original complaint, application for in forma pauperis status and amended complaint [rec. docs. 1, 5 and 9], plaintiff identified himself as Sedderruis Coleman. In his state court pleadings, he is identified as Sederrius Coleman. The latter is the correct spelling, according the Vinelink prisoner data base. See https://vinelink.com/#/searchResults/1

an amended Bill of Information on February 19, 2013, petitioner pled guilty to one count of First Degree Robbery on May 13, 2013; in exchange for the guilty plea, the other pending charge was dismissed, and the state agreed to a twenty-five year sentencing cap, based on the Pre-Sentence Investigation. *Id.* (*See also* Transcript of Guilty Plea, Rec. Doc. 9-1, pp. 15-30.) On July 24, 2013, a sentence of twenty-five years at hard labor was imposed. *Id.* at p. 2 (*See also* Transcript of Guilty Plea, Rec. Doc. 9-1, pp. 31-40.)

    3. Petitioner, through counsel, filed a timely motion to appeal.

    4. On or about November 19, 2013, court-appointed appellate counsel filed an *Anders*[2] brief to accompany her Motion to Withdraw from the matter into the Second Circuit Court of Appeal, Docket No. 49,000-KA, asserting that she could find no non-frivolous issues to raise on appeal. [Rec. Doc. 9-1, pp. 48-52]

    5. On December 3, 2013, the Second Circuit issued an order holding the motion to withdraw in abeyance and notifying petitioner that he had 10 days to file a request to view the appellate record and 30 days to file an appellate brief. [Rec. Doc. 9-1, p. 51]

    6. Despite a timely request by petitioner for the appellate record, he <u>did not file</u> an appellate brief.

    7. Accordingly, the Second Circuit reviewed the record for error patent and found none. The Court held, "The record shows that prior to entertaining his guilty plea, the defendant was properly advised of his *Boykin* rights, understood his plea agreement and voluntarily pled guilty. Further, we note that the defendant is precluded from seeking review of his sentence, which was imposed in conformity with a plea agreement set forth in the record at the time of the plea. LSA-C.Cr.P. art.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

881.2; *State v. Young*, 96-0195 (La. 10/15/96), 680 So.2d 1171)."

8. On May 16, 2014, petitioner mailed his Application for Supervisory and/or Remedial Writs to the Louisiana Supreme Court, which was filed into the Court on May 20, 2014, bearing Docket No. 2014-KH-1051. [Rec. Doc. 9-1, p 2]   Plaintiff raised the single issue of Excessive Sentence. [Rec. Doc. 9-1, pp. 42-47]

9. On April 2, 2015, the Louisiana Supreme Court denied petitioner's application, citing La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. [Rec. Doc. 9-1, p. 1]

10. On April 1, 2016, petitioner filed the instant Petition for Writ of Habeas Corpus, asserting that his sentence was excessive. [Rec. Docs. 1 & 9]

## LAW AND ANALYSIS

**1.** *Failure to Exhaust*

*Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). This jurisprudential mandate has been codified at  28 U.S.C. § 2254(b)(1).[3]

---

[3] § 2254  provides, in pertinent part:
(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court **shall** not be granted unless  it

Exhaustion entails submitting the factual and legal basis of any claim to the highest available state court for review <u>in a procedurally correct manner</u>. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983) (emphasis supplied)

When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. See *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).

Petitioner did not "fairly" present his claims to the Second Circuit Court of Appeals. As noted above, petitioner did not file an appellate brief into the Second Circuit Court of Appeals. Therefore, he did not fairly present his claim to the Second Circuit, who only reviewed the record for errors patent and found none.

While he did present his claim to the Louisiana Supreme Court, that Court did not review his case on the merits. Rather, they denied review on the same procedural grounds as the Second Circuit. Accordingly, neither the Second Circuit Court of Appeals nor the Louisiana Supreme Court had a meaningful opportunity to review the claims raised herein. Thus, the claims raised herein remain unexhausted because they were not "fairly presented" to the Court of Appeals and the Louisiana Supreme Court.

A ruling from this court at this juncture would preempt the state court from performing its proper function. See *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379(1982) (the

---

appears that--
(A) the applicant has exhausted the remedies available in the courts of the State;

exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner, having failed to fairly present his claims to the state courts, is not entitled to *habeas corpus* relief because he failed to properly exhaust his state remedies.

## 2. Procedural Default

Nevertheless, even if petitioner had properly presented his claim of excessive sentence to the appellate court, he was procedurally precluded from seeking review of his sentence, pursuant to La. C.Cr.P. arts. 881.2 and 930.3 the jurisprudential rules set forth in *State v. Young*, 96-0195 (La. 10/15/96), 680 So.2d 1171 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172[4]. The procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Petitioner argued in his state court appeal, as in the instant petition, that his sentence was excessive. To determine whether the state court denied relief based on an adequate and independent state procedural rule, the federal *habeas* court must examine <u>the last reasoned state court decision</u> to see whether it applied a procedural bar or addressed the merits of his claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Here, the last "reasoned" opinion was that of the Louisiana Supreme Court [Rec. Doc. 91-, p. 1]. In citing La. C.Cr.P. art.

---

[4]La. C.Cr.P. art. 881(A)(2) states that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. *State v. Young, supra*, specifically states that this article applies to plea agreements involving both specific sentences and sentencing caps. According to La. C.Cr.P. 930.3 and *State ex rel. Meline v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.

930.3 and *State ex rel. Melinie v. State*, 93-1380, the Supreme clearly concluded that petitioner's claims of error with regard to his sentence was procedurally defaulted because a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.[5]

Federal courts typically may not reach the merits of federal law questions if the State courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the merits of the claim. Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified herein satisfies both requirements. Louisiana courts regularly invoke art. 930.3 as interpreted by *Melinie*, to bar review of claims of sentencing error (including errors arising in habitual offender adjudications) which are raised in post-conviction applications. *State ex rel. Battle v. State,* --- So.3d ----, 2014 WL 3858923, 2013-2797 (La. 7/31/14), La., July 31, 2014; *State ex rel. Johnson v. State*, 140 So.3d 1185, 2013-2607 (La. 6/13/14); *State ex rel. Spicer v. State*, 141 So.3d 271, 2013-2610 (La. 6/13/14); *State ex rel. Morgan v. State*, 140 So.3d 1170,

---

[5]The Louisiana Supreme Court received petitioner's application for writs on direct appeal from the second Circuit Court of Appeal, Docket Number 49,000-KA. However, the opinion was issued using the caption "*State ex rel. Sederrius Coleman v. State of Louisiana*," and referenced La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. This Court will conclude that the Supreme Court construed petitioner's application as one for post-conviction relief. Regardless, the outcome remains the same, as the Supreme Court denied the application on the grounds that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, as did the Second Circuit.

6

2013-2529 (La. 5/30/14); *State ex rel. Washington v. State*, 134 So.3d 1170, 2013-1865 (La. 2/28/14); *State ex rel. West v. State*, 133 So.3d 676, 2013-1826 (La. 2/21/14); *State ex rel. Fortune v. State*, 126 So.3d 1282, 2013-1437 (La. 12/2/13) and others.

Moreover, the Fifth Circuit Court of Appeals, this Court, and the United States District Court for the Eastern District of Louisiana have all indicated that *Melinie* (insofar as it holds that sentencing error cannot form the basis for post-conviction relief) is an adequate and independent bar to federal *habeas* review of sentencing claims. *Compare Hull v. Stalder*, 234 F.3d 706 (5th Cir.2000) (unpublished); *Rhymes v. Warden*, 2005 WL 2123691 (W.D.La.2005); *Tran v. Cain*, 2006 WL 1627812 (W.D.La.2006); *Williams v. Miller*, 2006 WL 2087867 (E.D.La.2006); *Green v. State*, 1998 WL 259970 (E.D.La.), *Scott v. Cain*, 1998 WL 273116 (E.D.La.); see also *Pedelahore v. Tanner*, 2012 WL 4970684 (E.D. La. 2012) and *Warfield v. Warden*, L.S.P., 2012 WL 3067604 (W.D. La. 2012) and the cases cited therein.

Clearly then, the *Melinie* rule interpreting art. 930.3 so as to prohibit the Louisiana Courts from reaching the merits of sentencing claims which are raised in applications for post-conviction relief constitutes an "adequate" procedural rule to bar federal *habeas corpus* review of petitioner's claims concerning the habitual offender proceedings. Moreover, because the last reasoned judgment on the claim (that of the Louisiana Supreme Court) specifically referred to La. C.Cr.P. art 930.3 and the *Melinie* decision when it declined review of the merits of petitioner's sentencing claim, it is clear that the identified procedural rule is also "independent."

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501

U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986). Petitioner has not alleged either cause for his default or prejudice resulting therefrom. Moreover, petitioner has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider his sentencing claims. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106,108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495,114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not made this showing.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims remain unexhausted and, even if they were exhausted, they would be procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 11th day of August, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE